SAMUEL H. ALLEN & al. *versus* RICHARD TINKER, *Warden.*

By R. S., c. 140, § 20, the warden of the State Prison is authorized to submit to referees, approved by the inspectors, any claim on account of the State Prison respecting which a controversy has arisen.

The Resolve of February 20, 1860, c. 316, does not take from the warden the power to refer the claim therein mentioned.

The award of referees, to whom that claim was referred by the warden, is binding upon the parties.

ON FACTS AGREED. DEBT upon an award.

The plaintiffs, on the ninth day of January, 1861, having a claim against the State Prison, which was disputed by Thomas W. Hix, then warden, it was submitted by them and said Hix, in his capacity of warden, to referees approved by the inspectors.

An award in due form was made, upon which this suit was brought.

·The only question raised was, whether Hix had authority to make the submission.

*Gould*, for the plaintiffs.

*Drummond, Attorney General*, for the defendant.

This action, though *nominally* against the warden, is *really* against the State.

The State cannot be sued. But it may authorize a suit against its agents. But it may also take away this power, at any time before judgment. A creditor of the State Prison has no *vested* right to a suit against the warden. It is a remedy given by statute, and may be taken away by statute. So also may the power of the warden to refer be taken away. The Legislature may take away the power generally, or the power to refer any particular claim. It may be done directly or indirectly.

It is well settled, that where a remedy is given by statute, and a subsequent statute gives a different remedy, the latter supersedes the former. *Titcomb* v. *Union Ins. Co.*, 8 Mass., 326; *Howe* v. *Starkweather*, 17 Mass., 240; *Bassett* v. *Carleton*, 32 Maine, 553.

The Resolve of Feb., 1860, passed before this reference was made, gave the plaintiffs a new remedy. This new remedy superseded the other, and took away the power of the warden to refer.

The warden having no power to refer, the award is void.

The opinion of the Court was drawn by

APPLETON, C. J.—By R. S., 1857, c. 140, § 20, it is enacted that, "when any controversy arises respecting any contract or claim on account of the State Prison, or any suit is pending thereon, the warden may submit the same to the determination of arbitrators or referees to be approved by the inspectors."

This suit is.brought upon an award made by arbitrators or referees approved in writing by the inspectors.

Though the State is not liable to a suit at the instance of

its citizens, it may, nevertheless, render its officers thus liable—as is done by c. 140, § 19.

The counsel for the defendant insists that § 20 — so far as it relates to the plaintiff's claim, has been repealed by the Resolve of the Legislature of Feb. 20, 1860, c. 316, by which the Governor and Council were authorized "to adjudicate upon and settle the claims of Samuel H. Allen and Thomas O'Brien, for damages claimed in consequence of the termination of contracts by the action of the State Prison Commissioners, and draw their warrants for such sum or sums as they shall deem justly due such claimants."

But this statute neither repeals or purports to repeal R. S., c. 140, or any of its sections. It simply confers authority on the Governor and Council to act, when they had none before. The plaintiffs were under no legal obligation to submit to their jurisdiction. They might have presented their claims for adjustment, and had they done so, and the Governor and Council taken' cognizance of and adjudicated upon the same, they might have been concluded by such adjudication. Not choosing to present their claims before this tribunal, they were in no way precluded from bringing a suit as authorized by c. 140, § 19, or from referring their claim, as provided by § 20.

It appears by the preamble to the resolve of March 15, 1861, c. 71, that the Legislature declined "to sanction" the award, which is the basis of this action. It was, therefore, resolved that the plaintiffs "be and they are hereby absolved from said submission, so that the same shall not be used, or pleaded against any proceeding or remedy, which the laws of the State afford them for redress in the matter of which they complain."

As the award was made in accordance with the laws of the State, it needed no legislative sanction. The plaintiffs could not be deprived of their rights acquired by a legal submission and a valid award under such submission. The Legislature might *absolve* "them from said submission and award," and this they have done. But this was a privilege

allowed the plaintiffs, which they might accept or renounce, at their option. They do not desire to be absolved from said award, but insist that the same shall be enforced, and have brought this suit for its enforcement.

The submission was entered into by parties competent to contract—and, in pursuance of the existing law. No exception is taken to the referees. No impeachment is made of the award. Nothing is shown against its validity. As the submission was entered into in accordance with the provisions of the statute, no reason is perceived why the award made in pursuance thereof should not be enforced.

*Defendant defaulted for the amount of the award and interest.*

CUTTING, DAVIS, WALTON and BARROWS, JJ., concurred.